# COMMISSIONER OF
# POLITICAL PRACTICES



## STATE OF MONTANA

CHRIS J. GALLUS
COMMISSIONER
TELEPHONE (406) 444-2942
FAX (406) 444-1643

1209 EIGHTH AVENUE
PO BOX 202401
HELENA, MONTANA 59620-2401
www.politicalpractices.mt.gov

April 29, 2026

Accountability in State Government
Attn. Dan Bartel, Treasurer
PO Box 1181
Lewistown, MT 59457

Subject:  Complaint received April 29, 2026; *Carlson v. Accountability in State Government, COPP-2026-CFP-005*

Dan,

The enclosed complaint alleges specific violations of Montana election law under my jurisdiction as Commissioner of Political Practices (COPP). The complaint also conforms to the requirements of 44.11.106 ARM, the administrative rule regarding election complaints. For those reasons, I have accepted it for further consideration.

Pursuant to Mont. Code Ann. (MCA) §13-37-132, I formally request that you provide a written response addressing the issues identified in this complaint. **Please provide this formal response on or before 1:00 PM on Friday, May 8, 2026.** Any response you provide is a public record that COPP posts on our website.

I will review any additional materials relevant to this complaint for any deficiencies pursuant to 44.11.106 ARM, law, and prior relevant COPP rulings, and reserve the right to dismiss the complaint upon this initial inquiry. If this occurs, I will notify you and provide a basis for the dismissal. Alternatively, I may determine that a formal investigation is warranted. If an investigation is conducted, a summary of facts and statement of findings will be prepared, and a copy will be sent to you. This generally involves a more extensive and time-consuming process, during which you may contact us for a status update.

If violations are found to have occurred and prosecution is determined to be justified, this matter will be referred to the local county attorney. The local county attorney then determines whether they will prosecute the matter or refer it back to me. MCA §13-37-124. If returned to me, I will either work with the responding party to settle the matter or prosecute it within their local jurisdiction in district court. Penalties, if any, are imposed based upon MCA §13-37-128.

This letter initiates the legal process established by this office and Montana law to determine whether the allegations in the complaint are valid. Consequently, at this point, you have a duty to maintain all records currently in your possession because an investigation may indeed occur. To facilitate such an investigation, please take immediate steps to retain all such records, and begin collecting and preparing records for review. This includes documents,

including computer communications (e.g. email), in your possession or the possession of any of your agents, representatives, or assigns. Communications with attorneys should be retained, as these records might need to be produced if attorney-client privilege is not involved. Your preservation of all such documents is essential and required pursuant to this request and subject to penalties provided in MCA §45-7-207.

While I do not anticipate that you would intentionally destroy any relevant records, due to the severity of the penalty, I feel compelled to provide you with the relevant statute in this regard. See attached MCA §45-7-207 (Tampering with or fabricating physical evidence). COPP may need to review documents connected to your activity during the prescribed period. Accordingly, MCA §13-37-111 authorizes the Commissioner to inspect records, accounts, and books held by a candidate or political committee, administer oaths and affirmations, subpoena witnesses and compel their attendance, take evidence, and require the production of any books, papers and records that are relevant or material for the purpose of conducting an investigation.

I appreciate your time and consideration of this important matter.

Regards,

Chris J. Gallus
Commissioner of Political Practices

# Montana Code Annotated 2025

TITLE 45. CRIMES
CHAPTER 7. OFFENSES AGAINST PUBLIC ADMINISTRATION
Part 2. Perjury and Other Falsification in Official Matters

# Tampering With Or Fabricating Physical Evidence -- Penalties

**45-7-207.  Tampering with or fabricating physical evidence -- penalties.** (1) A person commits the offense of tampering with or fabricating physical evidence if, believing that an official proceeding or investigation is pending or about to be instituted, the person:

(a) alters, destroys, conceals, or removes any record, document, or thing with purpose to impair its verity or availability in the proceeding or investigation; or

(b) makes, presents, or uses any record, document, or thing knowing it to be false and with purpose to mislead any person who is or may be engaged in the proceeding or investigation.

(2) (a) Except as provided in subsection (2)(b), a person convicted of tampering with or fabricating physical evidence shall be imprisoned in the state prison for a term not to exceed 10 years or be fined an amount not to exceed $50,000, or both.

(b) A person convicted of tampering with or fabricating physical evidence in connection with a homicide or homicide investigation and who in so doing affected the ability of a coroner or medical examiner to determine either a cause of death or manner of death, or both, shall be imprisoned in the state prison for a term not to exceed 40 years or be fined an amount not to exceed $100,000, or both.

**History:   En. 94-7-208 by Sec. 1, Ch. 513, L. 1973; R.C.M. 1947, 94-7-208; amd. Sec. 7, Ch. 198, L. 1981; amd. Sec. 1684, Ch. 56, L. 2009; amd. Sec. 1, Ch. 24, L. 2025.**

**Disclaimer:** The Internet version of the Montana Code Annotated is provided as a research tool to users of the Code. In case of inconsistencies resulting from omissions or other errors, the printed version will prevail.