Austin Knudsen
  *Montana Attorney General*
Michael Russell
Thane Johnson
  *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
*michael.russell@mt.gov*
*thane.johnson@mt.gov*

*Attorneys for Defendants Knudsen and Downs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ACCOUNTABILITY IN STATE GOVERNMENT, a Montana independent political committee; DAN BARTEL,<br><br>Plaintiffs,<br><br>v.<br><br>AUSTIN KNUDSEN; in his official capacity as Montana Attorney General; KEVIN DOWNS; in his official capacity as Lewis and Clark County Attorney; CHRIS GALLUS, in his official capacity as Montana Commissioner of Political Practices,<br><br>Defendants. | Cause No. CV-26-38-H-SPW<br><br>**DEFENDANTS AUSTIN KNUDSEN AND KEVIN DOWNS' ANSWER TO PLANTIFFS' COMPLAINT** |

For their Answer to Plaintiffs' Complaint, Defendants Austin Knudsen and Kevin Downs state as follows:

## **INTRODUCTION**

1.     The allegations of Paragraph 1 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, which require no response. To the extent Paragraph 1 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

2.     The allegations of Paragraph 2 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, which require no response. To the extent Paragraph 2 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

3.     The allegations of Paragraph 3 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent Paragraph 3 contains factual allegations requiring a response, Defendants Knudsen and Downs admit that Mont. Code Ann. § 13-35-801, *et seq.* was enacted in 2025 but are without sufficient

information to admit or deny the remainder of those allegations.

4.      The allegations of Paragraph 4 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent Paragraph 4 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

5.      The allegations of Paragraph 5 of Plaintiffs' Complaint are legal conclusions and arguments of counsel, to which no response is required.

6.      The allegations of Paragraph 6 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent Paragraph 6 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

7.      The allegations of Paragraph 7 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to

characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent Paragraph 7 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

8.      The allegations of Paragraph 8 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, and the legislative record, which speak for themselves and are the best evidence of their contents; therefore, no response is required. To the extent Paragraph 8 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

9.      The allegations of Paragraph 9 of Plaintiffs' Complaint are legal conclusions and arguments of counsel; therefore, no response is required.

## JURISDICTION AND VENUE

10.     Defendants Knudsen and Downs admit the allegations of Paragraph 10 of Plaintiffs' Complaint.

11.    Defendants Knudsen and Downs admit the allegations of Paragraph 11 of Plaintiffs' Complaint.

12.    Defendants Knudsen and Downs admit the allegations of Paragraph 12 of Plaintiffs' Complaint.

## PARTIES

13.    Defendants Knudsen and Downs are without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiffs' Complaint.

14.    The allegations of Paragraph 14 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel; therefore, no response is required. To the extent Paragraph 14 contains factual allegations requiring a response, Defendants Knudsen and Downs are without sufficient information to admit or deny those allegations.

15.    Defendants Knudsen and Downs admit the allegations in the first sentence of Paragraph 15 of Plaintiffs' Complaint. The remaining allegation in Paragraph 15 is a legal conclusion and argument of counsel; therefore, no response is required.

16.    Defendants Knudsen and Downs admit the allegation in the first sentence of Paragraph 16 of Plaintiffs' Complaint. The remaining allegation in Paragraph 16 is a legal conclusion and argument of counsel;

therefore, no response is required.

17. Defendants Knudsen and Downs admit the allegation in the first sentence of Paragraph 17 of Plaintiffs' Complaint. The remaining allegations of Paragraph 17 are legal conclusions and arguments of counsel; therefore, no response is required.

18. The allegations of Paragraph 18 of Plaintiffs' Complaint are legal conclusions; therefore, no response is required.

## STATEMENT OF FACTS

19. Defendants Knudsen and Downs admit the allegation in Paragraph 19 of Plaintiffs' Complaint.

20. Paragraph 20 of Plaintiffs' Complaint purports to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 20 of Plaintiffs' Complaint.

21. Defendants Knudsen and Downs admit the allegations of Paragraph 21 of Plaintiffs' Complaint.

22. Defendants Knudsen and Downs deny the allegations of Paragraph 22 of Plaintiffs' Complaint as stated.

23. Defendants Knudsen and Downs admit the allegations of Paragraph 23 of Plaintiffs' Complaint.

24. The allegations of Paragraph 24 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

25. The allegations of Paragraph 25 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

26. Defendants Knudsen and Downs admit the allegations in Paragraph 26 of Plaintiff's Complaint.

27. The allegations of Paragraph 27 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

28. The allegations of Paragraph 28 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

29.    The allegations of Paragraph 29 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 29 as stated.

30.    The allegations of Paragraph 30 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 30 as stated.

31.    The allegations of Paragraph 31 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 31 as stated.

32.    The allegations of Paragraph 32 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to

characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 32 as stated.

33. The allegations of Paragraph 33 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

34. The allegations of Paragraph 34 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

35. The allegations of Paragraph 35 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 35 as stated.

36. Defendants Knudsen and Downs admit the allegations in the first two sentences of Paragraph 36 of Plaintiffs' Complaint. Defendants

Knudsen and Downs are without sufficient information to admit or deny the remaining allegations of Paragraph 36.

37. Defendants Knudsen and Downs admit that Dan Bartel is a former member of the Montana Legislature, but they lack sufficient information to admit or deny the remaining allegations of Paragraph 37 of Plaintiffs' Complaint.

38. The allegations of Paragraph 38 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, which require no response. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information to admit or deny those allegations.

39. Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 39 of Plaintiffs' Complaint.

40. Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 40 of Plaintiffs' Complaint.

41. Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 41 of Plaintiffs' Complaint.

42.    Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 42 of Plaintiffs' Complaint.

43.    Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 43 of Plaintiffs' Complaint.

44.    Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny the allegations of Paragraph 44 of Plaintiffs' Complaint.

45.    The allegations of Paragraph 45 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, which require no response. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny those allegations.

46.    The allegations of Paragraph 46 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 1, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny those allegations.

47.    The allegations of Paragraph 47 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 2, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny those allegations.

48.    The allegations of Paragraph 48 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Admin. R. Mont. 44.11.106, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny those allegations.

49.    The allegations of Paragraph 49 of Plaintiffs' Complaint purports to characterize a portion of Plaintiffs' Exhibit 2, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

50.    The allegations of Paragraph 50 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize a portion of Plaintiffs' Exhibit 2, which speaks for itself and

is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information or knowledge to admit or deny those allegations.

51.    The allegations of Paragraph 51 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 3, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

52.    The allegations of Paragraph 52 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 4, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

53.    The allegations of Paragraph 53 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 5, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

54.    The allegations of Paragraph 54 of Plaintiffs' Complaint purport to characterize a document attached as Plaintiffs' Exhibit 6, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

## FIRST CAUSE OF ACTION

55.    Defendants Knudsen and Downs restate and incorporate by reference each of their responses to Paragraphs 1–54 of Plaintiffs' Complaint.

56.    The allegations of Paragraph 56 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the First Amendment and Fourteenth Amendments of the U.S. Constitution, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

57.    The allegations of Paragraph 57 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the First Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

58.    The allegations of Paragraph 58 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the First Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs lack sufficient information to admit or deny those allegations.

59.    The allegations of Paragraph 59 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 59 as stated.

60.    The allegations of Paragraph 60 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 60 as stated.

61.    The allegations of Paragraph 61 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 61 as stated.

62.    The allegations of Paragraph 62 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to

characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 61 as stated.

63.    The allegations of Paragraph 63 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 63 as stated.

64.    The allegations of Paragraph 64 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

65.    The allegations of Paragraph 65 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

66.    The allegations of Paragraph 66 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to

characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

67.    The allegations of Paragraph 67 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

68.    The allegations of Paragraph 68 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

69.    The allegations of Paragraph 69 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

70.    The allegations of Paragraph 70 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

71.    The allegations of Paragraph 71 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to

characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

72. The allegations of Paragraph 72 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

73. The allegations of Paragraph 73 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

## SECOND CAUSE OF ACTION

74. Defendants Knudsen and Downs restate and incorporate by reference each of their responses to Paragraphs 1–73.

75. The allegations of Paragraph 75 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize the Fourteenth Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

76. The allegations of Paragraph 76 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel; therefore, no

response is required.

77. The allegations of Paragraph 77 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel; therefore, no response is required.

78. The allegations of Paragraph 78 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 78 as stated.

79. The allegations of Paragraph 79 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

80. The allegations of Paragraph 80 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

81. The allegations of Paragraph 81 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself

and is the best evidence of its contents; therefore, no response is required.

82. The allegations of Paragraph 82 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent a response may be required, Defendants Knudsen and Downs deny the allegations of Paragraph 82 as stated.

83. The allegations of Paragraph 83 of Plaintiffs' Complaint contain legal conclusions and arguments of counsel, and they purport to characterize Mont. Code Ann. § 13-35-801, *et seq.*, and the Fourteenth Amendment of the U.S. Constitution, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

## DEFENSES

84. Defendants Knudsen and Downs deny each and every allegation of Plaintiffs' Complaint not specifically admitted.

85. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

86. Plaintiffs lack standing.

87. Plaintiffs' claims are not ripe.

88. Plaintiffs have failed to exhaust administrative remedies.

89. Defendants Knudsen and Downs have not deprived Plaintiffs, or any Plaintiff, of any constitutional rights under color of law.

90. Defendants Knudsen and Downs may be subject to qualified immunity or sovereign immunity.

91. Mont. Code Ann. § 13-35-801, *et seq.*, is not facially vague or overbroad.

92. Mont. Code Ann. § 13-35-801, *et seq.*, is not facially violative of the United States Constitution.

93. Mont. Code Ann. § 13-35-801, *et seq.*, serves and is supported by rational, legitimate, and compelling state interests, including but not limited to preserving the integrity of the electoral process, informing the electorate, and preventing corruption of the political process.

94. Mont. Code Ann. § 13-35-801, *et seq.*, advances those government interests through narrowly tailored means, and its plainly legitimate sweep is not substantially outweighed by potentially unconstitutional applications.

95. Defendants Knudsen and Downs raise the above defenses so that they will not be waived and reserve the right to add defenses that may become apparent during the discovery or to dismiss those which may later show not to apply.

WHEREFORE, Defendants Knudsen and Downs respectfully pray for the following relief:

1.    That Plaintiffs take nothing by their Complaint;

2.    For judgment for the Defendants on all counts of Plaintiffs' Complaint;

3.    For costs of suit and attorneys' fees as allowed by law; and

4.    For all other relief the Court deems just and proper.

DATED this 29th day of July, 2026.

> Austin Knudsen
>   *Montana Attorney General*
>
> */s/ Michael Russell*
> Michael Russell
> Thane Johnson
>   *Assistant Attorneys General*
> MONTANA DEPARTMENT OF JUSTICE
>
> *Attorneys for Defendants Knudsen and Downs*