Austin Knudsen
*Montana Attorney General*
Michael Russell
Thane Johnson
*Assistant Attorneys General*
Ashley Evaro
*Solicitor's Fellow*
MONTANA DEPARTMENT OF JUSTICE
PO Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
Michael.Russell@mt.gov
Thane.Johnson@mt.gov
Ashley.Evaro@mt.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

ACCOUNTABILITY IN STATE GOVERNMENT, a Montana independent political committee; DAN BARTEL,

Plaintiffs,

v.

AUSTIN KNUDSEN; in his official capacity as Montana Attorney General; KEVIN DOWNS; in his official capacity as Lewis and Clark County Attorney; CHRIS GALLUS, in his official capacity as Montana Commissioner of Political Practices,

Defendants.

Cause No. CV-26-38-H-SPW

**DECLARATION OF COMMISSIONER CHRISTOPHER J. GALLUS**

I, CHRISTOPHER J GALLUS, hereby declare as follows:

1. I am the Commissioner of Political Practices for the State of Montana.

2. On April 28, 2026 and May 4, 2026, COPP received a total of three complaints alleging violations of Montana's deepfake regulations contained in Title 13, Chapter 35, Part 8, of the Mont. Code Ann. (MCA), against the plaintiffs in this matter, David Bartel and Accountability in State Government.

3. Each complaint met the minimum requirements of Admin. R. Mont. (ARM) 44.11.106(4), the administrative rule governing complaints and were therefore accepted as filed.

4. Upon acceptance, in accordance with COPP policy and ARM 44.11.106(1) I requested a response from Mr. Bartel via his counsel Matthew Monforton with a due date for the response of May 8, 2026.

5. On May 8, 2026, following a request from Mr. Monforton I granted an extension of the deadline to file a response to May 18, 2026.

6. The unique circumstances here, i.e. the newness of deepfake law, and pending litigation warranted an additional extension.

7. Ultimately, on July 30, 2026, I requested an official response from Mr. Bartel with a due date of August 10, 2026.

8. A response was provided via counsel on August 10, 2026, asking that I dismiss the complaints based on his assertion that the complaints were insufficient under ARM 44.11.106(4) or alternatively, to hold the complaints in abeyance pending resolution of this matter before the Court.

9. ARM 44.11.106(1) provides for a five-day window in which COPP must determine if a complaint meets the initial requirements for acceptance and provide a copy to the alleged violator.

10. If a complaint meets the most basic requirements of ARM 44.11.106(2), COPP will err on the side of acceptance in order to avoid disadvantaging voters without expertise or legal training or voters without the means to obtain legal advice. Consequently, it is not uncommon for a complaint to warrant initial acceptance with the knowledge that I may use the discretion provided to me by ARM 44.11.106(4) to dismiss a complaint following a response without additional investigation if research or an initial inquiry determines that the allegations are not supported.

11. Specifically, regarding complaints such as those filed against Mr. Bartel, the lack of caselaw or prior COPP decisions in this area of developing law support initial acceptance of a complaint that meets the basic requirements of ARM 44.11.106(2) and provides basic facts which may support a sufficiency finding. That is the circumstance presented under which I initially accepted the three complaints at issue here.

12. Although I disagree with the assertion that the complaints were insufficient under ARM 44.11.106, following some initial research by COPP staff, I do find dismissal at this stage appropriate because further factual development is not necessary to determine that the election materials provided fall under the exemption for satire or parody provided in § MCA 13-35-802(2)(c).

13. The images provided by the complainants draw attention to the voting record of each candidate by incorporating humorous or outlandish images such as oversized pronoun buttons or money flowing through gasoline nozzles. Satire is the use of humor, wit, or sarcasm to critique or discredit and expose vice or wrongdoing, often in a political context. See "Satire" Merriam-Webster and Cambridge on-line dictionaries. The images provided fall squarely within these definitions.

14. Consequently, an official dismissal of each of the three complaints thus filed against Mr. Bartel will be forthcoming as soon as COPP's workload and staff time permits.

15. I hereby declare under penalty of perjury under the laws of the State of Montana that the foregoing is true and correct.

DATED this 20th day of August 2026, in Helena, Montana.

Chris J. Gallus

Christopher J. Gallus

## CERTIFICATE OF SERVICE

I certify that on August 20, 2026, an accurate copy of the foregoing document was served on registered counsel electronically through the Court's CM/ECF system.

*/s/ Ashley Evaro*
Ashley Evaro